UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-60176-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

KELLY RUSSMAN,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Motion to Amend (DE# 156, 1/23/12) filed by the defendant. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) for a report and recommendation. See Order of Reference (DE# 158, 2/28/12). Having reviewed the applicable filings and the law, the undersigned respectfully RECOMMENDS that the Motion to Amend (DE# 156, 1/23/12) be **DENIED**.

## ANALYSIS

On January 23, 2012, the defendant filed the instant motion. See Motion to Amend (DE# 156, 1/23/12). The government filed its response on March 9, 2012. See Response to Motion to Amend (DE# 160, 3/9/12). The defendant did not file a reply.

In the instant motion, the defendant asks that the Court amend the judgment and commitment order to limit restitution payments to $25.00 per quarter. See Motion to Amend (DE# 156, 1/23/12). The government opposes the relief requested. See Response to Motion to Amend (DE# 160, 3/9/12). The government argues that: "(1) [the defendant] has provided no evidence of exceptional or extraordinary circumstances within the meaning of Fed. R. Civ. P. 60(b)(6); (2) [the defendant]'s request is more appropriately filed with the United States District Court in the Southern District of West Virginia pursuant to 28 U.S.C. § 2241; and (3) [the defendant has] failed to exhaust her administrative remedies prior to filing this action." Response to Motion to Amend (DE# 160 at 1, 3/9/12).

The undersigned has reviewed the authority cited by the government and finds that the instant motion should be denied. Judgments of conviction are final judgments in criminal cases. See 18 U.S.C. § 3582(b). The defendant cites no basis under section 3852 to modify this Court's final judgment. Similarly, the defendant has not stated a basis under Fed. R. Civ. P. 60(b)(6) to reopen the judgment. Lastly, to the extent the defendant is asserting relief under 28 U.S.C. § 2241, the Court is without jurisdiction to review the defendant's claim. "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Here, the defendant is incarcerated in West Virginia. For these reasons, the defendant's motion seeking relief from this Court should be **DENIED**.

## RECOMMENDATION

In accordance with the foregoing, the undersigned respectfully recommends that the Motion to Amend (DE# 156, 1/23/12) be **DENIED**. The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **11th** day of April, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record

Copies mailed by Chambers to:
Kelly Russman 82751-004
Alderson Federal Prison Camp
Inmate Mail/Parcels
Glen Ray Road-Box A
Alderson, WV 24910